UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JANNIE V. SMITH | CIVIL ACTION NO. 23-1598 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GM FINANCIAL, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Jannie V. Smith's ("Smith") "Complaint for Permanent Injunction and Other Relief."  Record Document 7.  Smith asks the Court to issue a temporary restraining order against Defendants to stop the deprivation of her rights, harassment, and "intimidating tactics by employing 3rd party repossession person[s] to trespass on [her] property and demand her to release the vehicle to [D]efendant[s], all contrary to federal and state laws." Id. at 1.  Smith alleges that Defendants have a widespread practice of "stealing vehicles" by contracting local repossession companies to unlawfully repossess a vehicle and then immediately store the vehicle in Texas where the private property owners deny access.  Id.  According to Smith, this practice is done without notice and denies the vehicle owner the right to legal process to contest the legality of the repossession.  See id.

A temporary restraining order is an extraordinary and often drastic remedy.  See United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (5th Cir. 1983).  To obtain the relief she seeks, Smith would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that

the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Smith carries the onerous burden of persuasion as to all of these elements. See Jefferson Cnty., 720 at 1519.

Under element two, an injunction is proper if the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. To make such a showing, the applicant must demonstrate "a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." Humana, Inc. v. Jacobson, 804 F.2d 1390, 1394 (5th Cir. 1986). Here, Smith has failed to carry her burden of showing her losses are non-compensable and therefore irreparable. Thus, the Motion for a Temporary Restraining Order must be **DENIED.**

Smith should proceed in ensuring valid service has been made on Defendants. See Record Document 6. Once Defendants have appeared, the Court will take up further proceedings regarding Smith's complaint.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of December, 2023.

_____
United States District Judge