**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JANNIE V. SMITH                                      CIVIL ACTION NO. 23-1598

VERSUS                                               JUDGE S. MAURICE HICKS, JR.

GM FINANCIAL, ET AL.                                 MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM RULING**

Defendant GM Financial ("GM Financial") is before the Court on an unopposed Motion to Dismiss (Record Document 12) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's motion is **GRANTED** and Plaintiff Jannie V. Smith's ("Smith") claims are **DISMISSED**.

**BACKGROUND**

On November 5, 2022, Smith entered into a Motor Vehicle Retail Installment Sales Contract (the "Contract") with and purchased a vehicle from Classic Chrysler Dodge Jeep Ram. See Record Document 12, Exhibit A. The Contract was assigned from Classic Chrysler Dodge Jeep Ram to GM Financial. See id. The Contract contained a section on the first page titled "Federal Truth-In-Lending Disclosures," which detailed the Annual Percentage Rate, Finance Charge, Amount Financed, Total of Payments, Total Sale Price, and other terms regarding payments. Record Document 12, at 2; see Record Document 1 (Contract attached to Plaintiff's Complaint).

On November 2, 2023, Smith filed a Complaint for Predatory Lending ("Complaint"), naming GM Financial as Defendant. See Record Document 1.  Smith seeks declaratory relief, injunctive relief, rescission of the Contract and the return of all payments made, compensatory damages for her financial loss and emotional distress,

punitive damages, and attorney's fees and costs.  Smith alleges that "Defendant engaged in predatory lending practices in violation of the Truth in Lending Act (TILA) and the Consumer Financial Protection Act (CFPA)" and that "Defendant's predatory lending practices also violated state law prohibiting unfair and deceptive trade practices." Id. at 2. Specifically, Smith claims that "Defendant's representative knew that Plaintiff was vulnerable to predatory lending practices and took advantage of her." Id. at 1. Smith further claims that "Defendant's representative misrepresented the terms of the loan agreement and failed to disclose the true cost of the loan."  Id.  Smith also sought a temporary restraining order against GM Financial, which was denied by this Court on December 28, 2023. See Record Document 8.  GM Financial filed its Motion to Dismiss on February 23, 2024. See Record Document 12.  To date, Smith has not opposed the motion.

**LAW AND ANALYSIS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the

pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

GM Financial seeks dismissal of Smith's complaint (Record Document 1) under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. Specifically, GM Financial submits that Smith's claims should be dismissed for the following reasons:

1.   Smith does not have a private right of action to assert a claim for "predatory lending" under the Consumer Protection Act or Louisiana law;

2.   Smith's Truth-In-Lending Act claim fails because she cannot state a specific violation and the disclosures in the contract comply with the applicable disclosure requirements;

3.   GM Financial is exempt from the Louisiana Unfair Trade Practices Act; and

4.   The Louisiana Credit Agreement Statute prevents Smith from altering the terms of the contract or attempting to use oral assertions to change the terms.

Record Document 12 at 1.

The Court has reviewed Smith's complaint and agrees that she has failed to state a claim upon which relief can be granted, as the allegations found in the complaint are conclusory and vague. See Twombly, 550 U.S. at 555 ("While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). The Court also notes that Smith did not file opposition to the current Motion to Dismiss, nor did she request leave to amend her complaint. As such, the Court will not grant leave to amend.

## A.    CFPA Claim.

Smith's claim for "predatory lending" under the CFPA, 12 U.S.C. § 5481 *et seq.*, fails because there is no private right of action for "predatory lending" under the CFPA. Federal courts have consistently held that the CFPA does not provide for a private right of action. For instance, the Eastern District of Louisiana in Dixon v. Ally Bank dismissed a *pro se* plaintiff's claim for "predatory lending" against an automobile lender because the plaintiff failed to allege facts to support that he had a private right of action under the CFPA and the predatory lending provisions of the Dodd-Frank Act. Civil Action No: 19-11344, 2020 WL 1234435, at *2 (E.D. La. Mar. 13, 2020), aff'd sub nom. Dixon v. Ally Bank, 853 Fed. App'x 977 (5th Cir. 2021). Thus, a private individual like Smith lacks standing to bring a claim under the CFPA.  Her CFPA claim must be dismissed.

**B.      TILA Claim.**

Smith also alleges in her Complaint that GM Financial's "predatory lending" violates TILA. See Record Document 1.  Smith admitted that she entered into the Contract and attached it to her Complaint. See id. The Contract complies with the TILA by including all the disclosures required by 15 U.S.C.A. § 1632 of the TILA, which are placed clearly and conspicuously in bolded font on the first page of the Contract. See Record Document 12 at 5.

Moreover, Smith fails to identify any specific TILA violations and does not plead any facts that would constitute a TILA violation by GM Financial. Although courts are generally willing to construe pro se filings liberally, pro se litigants are still required to plead facts sufficient to state a plausible claim for relief. See Dixon v. Toyota of New Orleans, Civil Action No. 17-111, 2017 WL 6211038 (E.D. La. May 24, 2017) (citation omitted). Here, Smith does little more than merely allege TILA in her Complaint. See Jones v. Caliber Home Loans, Inc., Civil Action 18-1023-SDD-EWD, 2020 WL 4342219, at *10 (M.D. La. July 28, 2020). Smith does not identify what chapter or section of TILA under which she is proceeding, nor does she identify any specific TILA violation in her Complaint. See id.; see also Record Document 12 at 6. Thus, she failed to plead facts sufficient to state a plausible claim for relief under the TILA.

Under 15 U.S.C.A. § 1641(a) of the TILA, an assignee of a contract can be held liable "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." Record Document 12 at 6. Here, Smith failed to allege any specific TILA violation on the face of the disclosure statement, which is displayed on the first page of the Contract

5

(Record Document 1 at 4). Moreover, the "involuntary" exception does not apply here because Smith, Class Chrysler Dodge Jeep Ram, and GM Financial all signed the Contract explicitly containing the assignment of the Contract to GM Financial. Record Document 12 at 6.  Therefore, Smith's TILA claim fails as a matter of law under 15 U.S.C.A. § 1641(a).

Thus, because Smith failed to identify a specific TILA violation in her Complaint, and because the Contract complies with the disclosure requirements under the TILA, Smith's TILA claim is dismissed.

**C.      Louisiana Unfair Trade Practices Act ("LUTPA") Claim.**

Plaintiff cannot state a claim under the LUTPA because GM Financial is expressly exempt from LUTPA claims under Louisiana Revised Statutes § 51:1406.  This statute, in relevant part, provides that LUPTA shall not apply to "actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body . . . [or] the financial institutions and insurance regulators of other states." La. Rev. Stat. Ann. § 51:1406(1). GM Financial is regulated by the Louisiana Motor Vehicle Commission, which is a public utility regulatory body, as well as by financial institutions in various states, such as the State Board of Financial Institutions in South Carolina and the Michigan Department of Insurance and Financial Services. See Record Document 12 at 7. Therefore, GM Financial is exempt from LUTPA claims. In any event, Smith failed to allege any specific facts to support a LUTPA claim. See Record Document 1. Thus, her LUTPA claim is dismissed.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Smith has failed to set forth factual allegations that raise a right to relief above the speculative level as to her federal claims. Accordingly, GM Financial's Motion to Dismiss (Record Document 12) is **GRANTED** and all of Plaintiff's claims are **DISMISSED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of July, 2024.

_____
United States District Judge